## Steel's Appeal

*John H. Moody* of *Bailey & Rupp,* for appellant.

*George J. Barco,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for Commonwealth.

WICKERSHAM, J., July 21, 1941.—This matter is before us on appeal of Peter Maurice Steel from the action of the State Registration Board for Professional Engineers in refusing to register him as a professional engineer.

It appears from the record that appellant registered as a professional engineer for the registration year of 1929 but failed to register thereafter, until 1938, when he filed an application for such registration. After investigation by the board, and because of untruthfulness or falsity of certain statements in this application, particularly in relation to his answer to question no. 13, under engagement 7, registration was refused. In an interview before the board appellant admitted the information he had submitted concerning this question was untrue, whereupon he was informed by the board no further consideration would be given to his application unless he would submit a truthful one, inasmuch as the application was submitted under oath.

Appellant again, on May 2, 1940, filed a similar application, under oath, in which he stated as to question no. 13, engagement 7, that during the years 1934 to

1936 his services had been those of a designing engineer, whereas the board contends he had been a designing draftsman. This being considered a very substantial misrepresentation by the board, it again refused to register him unless he would submit an application without any misrepresentation of any material facts, notifying him on September 5, 1940, that "for the reason that the evidence presented does not warrant the board granting a certificate of registration as a professional engineer." Thereafter appellant was granted a hearing before the board during which he admitted the misrepresentation contained in his answers under question no. 13, engagement 7, of the application, and also admitted having prepared certain private engineer's plans and having practiced as a civil engineer for the Borough of Clairton for several years without being properly registered; and again appellant was informed by the board that they would not consider his application for registration until such time as he filed a truthful one. Instead of filing a truthful application as suggested by the board, appellant filed the appeal which we now have under consideration.

## Discussion

Inasmuch as appellant admitted, in his testimony taken before the court, that his answer to question no. 13, engagement 7, was untrue, and that he was a designing draftsman rather than a designing engineer, we think the action of the board in refusing to register him for this reason must be sustained. Appellant has the privilege of filing a new application containing truthful statements at any time. Appellant's counsel attempted to amend the application at the close of the hearing. We quote from the testimony:

"Mr. Moody (for appellant) : I don't suppose you would agree to this, but we would like to amend our application and change the words 'Design Engineer' to 'Design Draftsman' at this time, because we feel that

it was merely a misnomer and that the applicant was frank in admitting the mistake.

"Mr. Barco (for the Commonwealth) : Of course we could not agree to that because the position of the board has been from the beginning that whenever he presented an application which was truthful they would consider it and dispose of it at that time; and we could not agree to anything of that kind, because I don't have any authority to do something of that sort now. I would like to dispose of the case under the facts that exist in this case, and of course it does not bind Mr. Steel against filing any further applications or anything in the future."

We feel that any amendments to appellant's application must be filed with the board, and not with the court; however, the better course would be to file with the board a new application truthfully setting forth appellant's qualifications.

Appellant complains the board's letter of September 5, 1940, notifying him of its refusal to register him, did not specifically state the reason for its refusal, as is required under section 5(c) of the Act of May 6, 1927, P. L. 820. This section provides:

"Provided, That upon the filing of an application, the board may investigate the allegations therein contained and if, upon investigation, it believes that the applicant is not competent to be placed in responsible charge of engineering work, or of surveying work, as the case may be, it shall decline to register the applicant, stating its reasons."

The board's letter above referred to, stating "for the reason that the evidence presented does not warrant the board granting a certificate of registration as a professional engineer," we find to be indefinite. In the testimony the reasons for refusing to register appellant appear to be that, under question 13, engagement 7, the applicant stated that from 1934 to 1936 he was employed as a design engineer for Allegheny County

in planning design; and that the applicant had signed two plans using his old registration number when in fact he was not registered at that time. We are of opinion the board's notification to appellant refusing to register him should have stated specific reasons for its refusal, and not merely the general statement above quoted.

While the failure of the board to adequately express its reasons might be sufficient to remit the record to the board for that purpose, since the reasons have fully appeared in the testimony, and since the board has left the way open for a new application to be filed, we will not remit the case.

With reference to appellant's having signed two plans using his old registration number· when he was not registered, it seems that he was under a misapprehension of the law; and that he believed he was exempted from registration for such time as his application was under consideration by the board. Section 10 of the said Act of 1927 provides:

"The following persons shall be exempted from registration under the provisions of this act, to wit:

"(a) A person who is a resident of and has an established place of business in this Commonwealth, who shall have filed with the board an application for a certificate of registration, and shall have paid the fee required by this act. Such exemption shall continue only for such time as the board requires for the consideration of the application for registration."

It appears from the testimony that while one of appellant's applications was pending before the board he signed two plans "as resident engineer," and testified: ". . . according to the law I understood as long as I had my application in there for renewal that I could go ahead and participate as engineer, and Mr. Myers told me . . . I couldn't do that, and I said, 'I will not do it any more,' and I have not." We think, therefore, with appellant's explanation of this matter the objec-

tion of the board as to the signing of the plans should be dismissed.

### Order

And now, July 21, 1941, the action of the State Registration Board in refusing to register appellant as a professional engineer for the reason of untruthfulness or falsity in his answer to question no. 13, engagement 7, of his application for registration, is affirmed, without prejudice to the applicant to file a new and truthful application. The appeal is dismissed. Costs to be paid by appellant.